# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 0049 | **DATE** | 2/5/13 |
| **CASE TITLE** | Lamarr Maxey (#2011-0419017) vs. Supt. Thomas, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court waives the initial partial filing fee and authorizes the trust fund officer at plaintiff's place of confinement to make deductions from plaintiff's trust fund account in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Cook County Jail, and to issue summons for service of the complaint on Cook County Jail Division 9 Superintendent Thomas and Officers Campos and Meller. The United States Marshals Service is appointed to serve these defendants. The claims against Lieutenant Johnson are dismissed and she is dismissed as a defendant. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■[ For further details see text below.]                                                                Docketing to mail notices.

## STATEMENT

    Plaintiff Lamarr Maxey, currently confined at Cook County Jail, has filed this 42 U.S.C. § 1983 civil rights action against Cook County Jail Division 9 Superintendent Thomas, Sergeant Campos, Officer Meller, and Lieutenant Johnson. Plaintiff alleges that, in June 2011, a doctor at the jail wrote an order allowing plaintiff to wear his own shoes due to a condition with plaintiff's hip, legs, and feet (though the complaint is unclear as to what plaintiff's condition is, he states that his feet swell and it is painful to walk in the jail issued shoes). On February 8, 2012, Campos and Meller allegedly confiscated plaintiff's shoes, even though they were told that plaintiff had a medical permit for them. On February 10, 2012, plaintiff fell during his walk to and from court, allegedly because he was not wearing his own shoes. Plaintiff alleges that on several occasions he informed Superintendent Thomas, either in person or through grievances, about his need for his shoes. Thomas allegedly ignored plaintiff's requests. On March 1, 2012, Lieutenant Johnson allegedly threatened to mace plaintiff for walking too slowly to and from court.

    Plaintiff seeks to file his complaint *in forma pauperis* and requests the appointment of counsel in this case.

    The court finds that plaintiff is unable to prepay the filing fee or an initial partial filing fee. The initial filing fee is waived. The trust fund officer at plaintiff's place of confinement is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

**STATEMENT**

The court has conducted a preliminary review of the allegations stated above in accordance with 28 U.S.C. § 1915A. Plaintiff states a colorable cause of action against Superintendent Thomas, Sergeant Campos, and Officer Meller. *See Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (deliberate indifference extends to guards who intentionally interfere with a prisoner's prescribed treatment), citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff may proceed against these defendants.

The claim against Lieutenant Johnson, however, is dismissed. Not only is this claim unrelated to plaintiff's claims about not being able to wear his own prescribed shoes, *see George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."), but plaintiff alleges only that Johnson threatened to use mace. He does not allege that she actually used mace or any force that could be considered excessive. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Nor does he allege that she refused to obtain treatment for a serious medical condition of plaintiff. *See Walker*, 293 F.3d at 1040. The claims against Johnson are dismissed, and she is dismissed as a defendant.

The clerk shall issue summonses for service of the complaint on Cook County Jail Division 9 Superintendent Thomas and Officers Campos and Meller. The United States Marshals Service is appointed to serve these defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. Plaintiff's failure to return forms to the Marshal may result in the dismissal of defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, Cook County Jail or Cermak officials shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to the defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. This case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he is capable to proceed competently with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).